UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

OUTDOOR IDENTITIES, LLC,
    Plaintiff,

v.      Case No.: 3:19-CV-01937-L

CREATUITY CORP.,
    Defendant.

## FRIST AMENDED COMPLAINT

Plaintiff, Outdoor Identities, LLC ("Outdoor Identities" or "Plaintiff"), by its attorneys Epiphany Law, LLC and Estes Thorne & Car PLLC, states the following allegations in support of its Complaint against defendant, Creatuity Corp. ("Creatuity" or "Defendant").

### NATURE OF THE ACTION

1. Outdoor Identities brings this action against Creatuity for breach of contract, fraudulent inducement and violations of the Texas Deceptive Trade Practices Act arising from Creatuity's material failure to timely build a satisfactory and useable Magento e-commerce platform for Outdoor Identities, despite having been paid over $80,000 (more than double the original estimated cost of the platform). Outdoor Identities seeks the return of all fees paid to Creatuity, which total $82,566.75, benefit-of-the-bargain damages including lost profits, exemplary damages and attorneys' costs and fees.

### PARTIES

2. Plaintiff, Outdoor Identities, LLC, is Wisconsin limited liability corporation with a principal place of business at 426 East Main St., Hortonville, Wisconsin 54944. Outdoor Identities has two members: Gary F. Bernegger and Paul G. Bernegger. Gary F. Bernegger

is an adult resident of, and is domiciled in the State of Wisconsin. Paul G. Bernegger is an adult resident of, and is domiciled in, the State of Wisconsin.

3. Upon information and belief, Defendant, Creatuity Corp., is a Texas corporation with a principal place of business at 1651 North Collins Blvd., Suite 310, Richardson, Texas 75080.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction of this action under 28 U.S.C. § 1332(a)(1). There is complete diversity between the parties.

5. Plaintiff Outdoor Identities is a citizen of the State of Wisconsin.  28 U.S.C. § 1332 (a)(1).

6. All of the members of Outdoor Identities are citizens of the State of Wisconsin.  28 U.S.C. § 1332 (a)(1).

7. Defendant Creatuity is a citizen of the State of Texas. 28 U.S.C. § 1332 (c)(1).

8. The amount in controversy exceeds $75,000.00.

9. Venue is proper in this district because Creatuity's principal place of business is located in the Northern District of Texas and because a substantial part of the events giving rise to the claim occurred in the Northern District of Texas. 28 U.S.C. § 1391(b)(1)-(2).

## BACKGROUND FACTS

A. **Outdoor Identities Contracts With Creatuity To Build Magento E-Commerce Platform.**

10. Outdoor Identities, under the Fishouflage brand, sells to fishermen and women a line of apparel and other merchandise consisting of an exclusive and patented collection of patterns.

11. In early 2017, Outdoor Identities determined it needed a new e-commerce website to sell its products online and to grow quickly. Outdoor Identities identified Magento as the platform on which it sought to launch its new e-commerce website.

12. Magento, an Adobe Company, bills itself as the world's #1, most powerful e-commerce platform available to businesses. It partners with Magento-certified developers who work with businesses to build their Magento e-commerce sites.

13. Creatuity is currently, and has since at least 2017 been, a Magento-certified developer and partner.

14. Outdoor Identities specifically told Creatuity that it needed a Magento platform e-commerce website to be up and running in time for the Q4 2017 holiday shopping season.

15. Creatuity, at all times relevant, represented to Outdoor Identities that it was "an expert eCommerce technology partner," capable of developing and implementing a Magento e-commerce website for Outdoor Identities within the timeframe and budget required by Outdoor Identities.

16. Additional representations made by Creatuity included, among others:

    - Creatuity would operate according to 8 "Core Values," including "honest & trust," "responsibility & honor," and "cooperation & collaboration."
    - "As a Magento Silver Solutions Partner, we specialize in providing top of the line Magento solutions to our eCommerce clients…from quick fixes to complex site creation from scratch…Creatuity's services are customizable for each client and have been successful in a variety of industries and markets."
    - "…our team keeps one primary goal in mind for every project – ensuring your project achieves the results you deserve."

17. Creatuity represented to Outdoor Identities that its project needs were typical of projects Creatuity had vast experience working on. At no time did Creatuity ever represent that anything about the Fishouflage Platform was atypical or outside of Creatuity's expertise as a Magento eCommerce site developer.

18. After preliminary negotiations, Outdoor Identities and Creatuity entered into a contract ("Contract") for the development of the Fishouflage e-commerce platform ("Fishouflage Platform") on or about March 10, 2017. A true and correct copy of the Contract is attached hereto as **Exhibit A**.

19. The Contract's "Objective" provides, "The rapid evolution of eCommerce is transforming brands that focus on fast growth by aligning themselves with an expert eCommerce technology partner. Our joint objective is to propel your business by applying our innovative approach to eCommerce with your knowledge of your unique industry. Together we will build a high-converting, fast-performing, responsive Magento site for your business." (Ex. A at p. 4).

20. As part of the Contract, Creatuity recognized and acknowledged a number of Outdoor Identities' business needs and concerns with respect to the creation of its Magento website, including but not limited to:

    - "High ROI on the initial implementation to ensure capital is available for continual investments in improving and growing the site."
    - "Code quality affects Total Cost of Ownership, thus clean and reliable code is required."
    - "Meeting timelines and budget are a critical measure of the success of this project."
    - "A smooth launch process is critical."

21. Creatuity agreed that "a development period of approximately 2-3 months is typically required" for a project of the scope contracted for. (Ex. A at p. 6).

22. Pursuant to the agreed upon timeline, with a Contract signing date of March 10, 2017, the Proposed Deployment Date for the Fishouflage Platform would be May 4, 2017. (Ex. A at p. 6).

23. The Contract provided for a "Budget" as follows: "Creatuity believes that a budget of approximately 110-250 hours is required for this project. Based on the standard rate of

4

$175/hour, this is approximately $19,250 - $43,750)." Creatuity further represented that Outdoor Identities "budget is important to us."  (Ex. A. at p. 6).

24. Pursuant to the terms of the Contract, Creatuity offered a "Creatuity Guarantee," which included, among other terms:

- "Quick responses from your Project Coordinator to any questions/concerns, and frequent status updates."
- "Project Coordinator will take time to understand your business goals, needs, and concerns to ensure we're working as one team towards the same objectives."
- "Fast turn-around time on all your tasks."
- "Open, honest communication."
- "Proactive recommendations to help your business succeed."

25. With respect to ROI (return on investment), the Contract provided certain information "to aid in [Outdoor Identities'] calculation of the possible return your business could expect from implementing a new Magento EE site with Creatuity," including estimates of "ROI of 159% for a new Magento EE site"; "a 62% increase in…conversion rate"; and "a 92% increase in annual revenue."  (Ex. A at p. 7).

26. Upon information and belief, at the time Creatuity made its representations to Outdoor Identities regarding its experience and capability of building the Fishouflage Platform on time and within budget, Creatuity knew it could not perform as promised and had no intention of performing as promised.

**B.    Creatuity Fails To Develop And Launch Fishouflage Platform.**

27. Despite the budget and timelines agreed upon pursuant to the Contract, Creatuity did not deliver an operational Fishouflage Platform as promised.  As of November, 2017 – more than 6 months after the Proposed Deployment Date – Creatuity had not produced or delivered the promised eCommerce website to Outdoor Identities.

5

28. Creatuity's approach to development of the Fishouflage Platform was months of trial and error development rather than knowledgeable and expert development, in direct violation of Creatuity's contractual obligations and representations to Outdoor Identities.

29. As of October, 2017, Outdoor Identities had paid Creatuity $82,566.75 in fees – almost more than double the upper limits of the Budget set forth in the Contract – despite having not received an operational Fishouflage Platform.

30. As a direct consequence of Creatuity's failure to develop and provide an operational Fishouflage Platform, Outdoor Identities was unable to deploy dozens of marketing campaigns it had prepared, at great expense, for the 2017 holiday shopping season.

31. When Outdoor Identities confronted Creatuity in September 2017 regarding Creatuity's failures, a Creatuity representative acknowledge it was "way behind and over budget," but stated it could not fix the problem without putting more people on the project which would "drive costs up."

32. Ultimately, in or about December, 2017, Outdoor Identities took the Fishouflage Platform Creatuity had been working on and hired a new developer to complete the eCommerce site.

33. The new developer discovered numerous significant flaws and deficiencies in Creatuity's work product, which required Outdoor Identities to spend tens of thousands of dollars more to attempt to correct the problems and render the Fishouflage Platform useable. To date, the Creatuity-created Magento Fishouflage Platform has never worked as described and represented by Creatuity.

## COUNT I: BREACH OF CONTRACT

34. Outdoor Identities repeats, realleges and incorporates by reference, its allegations set forth in paragraphs 1 – 33 above, as though fully set forth herein.

35. Outdoor Identities entered into a valid Contract with Creatuity.

36. Outdoor Identities substantially performed its obligations under the Contract.

37. Creatuity has materially breached the Contract by its failure to develop and provide Outdoor Identities with an operational Fishouflage Platform by the Proposed Deployment Date.

38. Creatuity has materially breached the Contract by exceeding the proposed Budget by nearly double its reasonable estimates.

39. Creatuity has materially breached the Contract by its failure to satisfy its "Creatuity Guarantee."

40. Creatuity has materially breached the Contract by its failure to satisfy the agreed upon "Deliverables."

41. Outdoor Identities has suffered significant damages as a direct consequence of Creatuity's material breaches of the Contract.

## COUNT II: FRAUDULENT INDUCEMENT

42. Outdoor Identities repeats, realleges and incorporates by reference, its allegations set forth in paragraphs 1 – 33 above, as though fully set forth herein.

43. Creatuity intentionally and fraudulently made material misrepresentations to Outdoor Identities during negotiations, including, among other misrepresentations, that Creatuity had the expertise necessary to deliver and was capable of timely delivering the Fishouflage Platform by the Proposed Deployment Date and within the Budget constraints set forth in the Contract.

44. Creatuity's representations to Outdoor Identities were false.

45. Creatuity knew or reasonably should have known its representations to Outdoor Identities were false, or were asserted without knowledge of their truth, at the time they were made.

46. Creatuity's actions were willful in that it deliberately and intentionally made various material misrepresentations to Outdoor Identities in order to induce it to enter into the Contract.

47. Outdoor Identities reasonably relied to its detriment upon Creatuity's material misrepresentations and entered into the Contract.

48. As a direct result of Outdoor Identities' reasonably reliance upon Creatuity's fraudulent misrepresentations, Outdoor Identities has suffered substantial damages and loss, in an amount to be determined at trial.

### COUNT III: VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT (TX BUS & COM § 17.41, ET SEQ.)

49. Outdoor Identities repeats, realleges and incorporates by reference, its allegations set forth in paragraphs 1 – 33 above, as though fully set forth herein.

50. Outdoor Identities is a "consumer" as defined by the Texas Deceptive Trade Practices Act ("DTPA").

51. Creatuity's representations to Outdoor Identities, including those representations described herein, were false, misleading and deceptive and violate the following subdivisions of the DTPA:

    - Representing that goods or services have characteristics, uses or benefits which they do not have (DTPA §17.46(b)(5)).

    - Representing that goods or services are of a particular standard, quality, or grade (DTPA § 17.46(b)(7)).

- Advertising goods or services with intent not to sell them as advertised (DTPA § 17.46(b)(9)).
- Representing that an agreement confers or involves rights, remedies or obligations which it does not have or involve (DTPA § 17.46(b)(12)).
- Representing that a guaranty or warranty confers or involves rights or remedies which it does not have or involve (DTPA § 17.46(b)(20)).

52. Outdoor Identities relied upon Creatuity's representations to its detriment.

53. Creatuity engaged in an "unconscionable action or course of action" as that term is defined by DTPA § 17.45(5).

54. Creatuity's conduct was committed knowingly and intentionally.

55. Creatuity knew or reasonably should have known, at the time of its conduct, of the falsity, deception and unfairness of such conduct.

56. As a direct consequence of Creatuity's conduct, Outdoor Identities suffered significant damage.

## PRAYER AND REQUEST FOR RELIEF

WHEREFORE, the Plaintiff, Outdoor Identities, LLC, hereby prays for judgment in its favor and against defendant, Creatuity Corp., and respectfully requests this Court enter an order:

A. In favor of Outdoor Identities, LLC and against Creatuity Corp.;

B. Awarding Outdoor Identities, LLC all damages requested and to which it is legally entitled, including but not limited to direct, out-of-pocket and benefit-of-the-bargain damages, in an amount to be determined at trial;

C. Awarding Outdoor Identities treble damages in an amount to be proven at trial, that will fairly and adequately compensate Outdoor Identities for the losses it has suffered;

D.      Awarding Outdoor Identities exemplary damages;

E.      Awarding Outdoor Identities all reasonable costs, disbursements and attorneys' fees incurred in connection with this action, to the extent legally allowed; and

F.      Granting such other relief as this Court deems just and appropriate.

## JURY DEMAND

Plaintiff, Outdoor Identities, LLC, demands trial by jury on all issues triable to a jury.

Dated this 20th day of September 2019.

s/ Heather J. Macklin
Heather J. Macklin, SBN: 1113335
Attorney for Plaintiff
EPIPHANY LAW, LLC
2800 E. Enterprise Avenue
Appleton, WI 54913
920-996-0000 – Phone
920-996-0001 – Fax
hmacklin@epiphanylaw.com


s/ Terah Moxley
Terah Moxley, SBN: 24074768
Attorney for Plaintiff
ESTES THORNE & CARR PLLC
3811 Turtle Creek Blvd, Suite 2000
Dallas, TX 75219
214-599-4026 – Phone
214-599-4099 – Fax
tmoxley@estesthornecarr.com